**SO ORDERED: September 30, 2026.**

**James M. Carr**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: | |
| WILLIAM ALAN LYNCH, | Case No. 25-01858-JMC-7 |
| Debtor. | |
| MIDWEST BUSINESS FUNDING, INC., | |
| Plaintiff, | |
| v. | Adversary Proceeding No. 25-50045 |
| WILLIAM ALAN LYNCH, | |
| Defendant. | |

**ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT**

THIS ADVERSARY PROCEEDING comes before the Court on *Defendant's Motion for Summary Judgment* filed by William Alan Lynch ("Debtor") on October 2, 2025 (Docket No. 11) (the "Motion"). The Court, having reviewed the Motion, the *Brief in Support of Defendant's Motion for Summary Judgment* filed by Debtor on October 2, 2025 (Docket No. 12), the *Designation of Evidence in Support of Defendant's Motion for Summary Judgment* filed by Debtor on October 3, 2025 (Docket No. 13) and the evidence designated therein, *Plaintiff's*

*Response in Opposition to Defendant's Motion for Summary Judgment* filed by Midwest Business Funding, Inc. ("Creditor" or "MBF") on October 27, 2025 (Docket No. 21), the *Designation of Evidence in Response to Motion for Summary Judgment* filed by Creditor on October 27, 2025 (Docket No. 22) and the evidence designated therein, and the dockets of this adversary proceeding and of the underlying bankruptcy case, and being duly advised, now **GRANTS** the Motion.

*Summary Judgment Standard*

Debtor moves the Court to enter summary judgment in his favor and against Creditor pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056. To obtain summary judgment, Debtor must show that there is no genuine dispute as to any material fact and that Debtor is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The burden rests on Debtor, as the moving party, to demonstrate that there is an absence of evidence to support the case of Creditor, the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). After Debtor demonstrates the absence of a genuine issue for trial, the responsibility shifts to Creditor to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary judgment. *Id*. at 324, 106 S.Ct. at 2553. If Creditor does not come forward with evidence that would reasonably permit the Court to find in Creditor's favor on a material issue of fact (and if the law is with Debtor), then the Court must enter summary judgment against Creditor. *Waldridge v. Am. Hoechst Corp*., 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-53; and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52, 106 S.Ct. 2505, 2511-12, 91 L.Ed.2d 202 (1986)).

*Reasoning*

Pursuant to 11 U.S.C. § 523(a)(2), (4) and (6), Creditor asks the Court to except Creditor's claim from discharge because Debtor used a false financial statement to obtain an advance of funds from Creditor. However, on June 13, 2022, the parties entered into a *Settlement and Release Agreement* (the "Settlement Agreement") by which Creditor executed a general release of all claims against Debtor. Paragraph 4 of the Settlement Agreement included the following language:

> MBF acknowledges that (a) the consideration set forth in this Agreement, which includes, but is not limited to, the Settlement Amount, is in full settlement of all claims and losses of whatsoever kind or character that it has, or may ever have had, against W.A. Lynch Construction, LLC and William A. Lynch, and (b) by signing this Agreement, and accepting the consideration provided herein and the benefits of it, MBF is giving up forever any right to seek further monetary or other relief from W.A. Lynch Construction, LLC and William A. Lynch for any acts or omissions up to and including the Effective Date relating in any way to or arising out of the Master Account Receivables Purchase Agreement or Continuing Guarantee and the Commercial Loan Promissory Note. The Parties acknowledge that the Settlement Amount was agreed upon as a compromise and final settlement of disputed claims.

The Settlement Agreement also contained an integration clause by which the parties agreed that the Settlement Agreement "constitutes the entire agreement among the Parties …". (Settlement Agreement, ¶ 14.) Further, the Settlement Agreement contained the following provision:

> THE PARTIES HEREBY DECLARE THAT THE TERMS OF THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE HAVE BEEN COMPLETELY READ AND ARE FULLY UNDERSTOOD AND VOLUNTARILY ACCEPTED BY THEM, WITH THE INTENT TO BE LEGALLY BOUND BY ITS TERMS.

(Settlement Agreement, ¶ 17.)

The Court looks to Indiana contract law to interpret the Settlement Agreement. *See Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016) (citation omitted). "A release is a species of contract which surrenders a claimant's right to prosecute a cause of action. Our supreme court has stated that upholding releases serves an important public policy because it facilitates the orderly settlement of disputes." *Prall v. Ind. Nat'l Bank*, 627 N.E.2d 1374, 1377

(Ind. Ct. App. 1994) (internal citations omitted). "The interpretation of a release, like any other contract, is determined by the terms of the particular instrument … . Release agreements, like contracts generally, are interpreted as a matter of law, absent some ambiguity." *Id.* (internal citations omitted). A contract term is ambiguous only "if reasonable people could differ as to its meaning." *Broadbent v. Fifth Third Bank,* 59 N.E.3d 305, 311 (Ind. Ct. App. 2016) (citation omitted). "[An] integration clause of a contract is to be considered as any other contract provision to determine the intention of the parties and to determine if that which they intended to contract to is fully expressed in the four corners of the writing." *Franklin v. White*, 493 N.E.2d 161, 166 (Ind. 1986).

Here, as memorialized in the Settlement Agreement, Creditor released "all claims and losses of whatsoever kind or character that it has, or may ever have had, against [Debtor]". In addition, Creditor gave up "forever any right to seek further monetary ***or other relief*** from [Debtor] for any acts or omissions up to and including the Effective Date ***relating in any way to*** or arising out of the Master Account Receivables Purchase Agreement or Continuing Guarantee and the Commercial Loan Promissory Note." (Emphasis added.)

The Court concludes that the Settlement Agreement is unambiguous, and reasonable people could not differ as to the breadth of the scope of the release. Creditor surrendered any claim it had against Debtor relating to the subject financial transactions that Debtor guaranteed, including any claim based on any financial statement Debtor submitted to Creditor related thereto.

Creditor argues that the Settlement Agreement did not include any action based on a false financial statement Debtor used to obtain an advance of funds from Creditor. Such argument undermines the breadth of the release's unambiguous language, and there is no assertion that Debtor fraudulently induced Creditor to enter into the Settlement Agreement. *See Prall*, 627

N.E.2d at 1379.

In exchange for the release, Debtor executed an agreed judgment so Creditor could easily obtain a judgment for $400,000. Creditor exercised the remedy provided for and obtained such a judgment pre-petition. Other than the general unsecured claim memorialized in the judgment obtained consistent with the Settlement Agreement, any and all claims held by Creditor against Debtor were released by Creditor.

*Conclusion*

For the reasons set for the above, the Motion is GRANTED. Accordingly, the Court will enter judgment in favor of Debtor and against Creditor contemporaneously herewith.

IT IS SO ORDERED.

# # #